IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ELIZABETH WILMES, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Removal from the Circuit Court of |
| v. | ) | St. Charles County – Civil Division |
| | ) | |
| PACKSIZE, LLC, | ) | Cause No. 1911-CC00823 |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Packsize, LLC ("Defendant") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Charles County, Missouri. In support of its Notice of Removal, Defendant states as follows:

1.  Plaintiff Elizabeth Wilmes ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Charles County, Missouri on or about August 23, 2019, by filing her Petition in the cause styled *Elizabeth Wilmes v. Packsize, LLC*, Case No. 1911-CC00823, against Defendant.

2.  On September 10, 2019, Defendant was served a summons and a copy of the Petition via email to Defendant's counsel.

3.  This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4.  This action arises from Plaintiff's employment, and Packsize, LLC was Plaintiff's employer.

5. In her Petition, Plaintiff purports to bring two (2) distinct causes of action, *i.e.*, claims for disability discrimination and retaliation under the Missouri Human Rights Act ("MHRA").

6. Venue is proper in this Court because Plaintiff filed her Petition in the Circuit Court of St. Charles County, Missouri, which is located in the Eastern District. 28 U.S.C. § 1441(a).

7. The Court has original jurisdiction over the state court action under 28 U.S.C. § 1332 because all of the parties are citizens of different states and the amount in controversy exceeds $75,000.

### I. Diversity of Citizenship

8. At the time this action was filed and at all times since, Plaintiff was a citizen of the state of Missouri. *See* Pl.'s Pet. ¶ 5.

9. At the commencement of this action and at all times since, Defendant Packsize, LLC was and continues to be a limited liability company organized in the State of Delaware with a principal place of business in the state of Utah.

### II. Amount in Controversy

10. While Plaintiff does not specifically plead the amount of damages that she is seeking, the amount in controversy claimed by Plaintiff exceeds $75,000.

11. Plaintiff seeks damages under the MHRA resulting from alleged disability discrimination and retaliation. The MHRA allows for potential recovery of lost back pay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. *See* § 213.111.2, RSMo.

12. The standard for determining whether the requisite amount in controversy is met is not whether a verdict in plaintiff's favor might ultimately exceed $75,000.00; instead, the test is whether a fact finder could conclude that it does. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.").

13. There is "legal certainty" in this case that the amount in controversy exceeds $75,000.00 because Plaintiff's claim for lost wages alone, if proved and damages established, would legally entitle her to more than that amount.

14. With respect to back pay, Plaintiff earned more than $125,000 in her first year of employment with Defendant (March 2017-March 2018). The Complaint alleges Plaintiff's employment was terminated by Defendant on May 14, 2018. Petition ¶¶ 24, 25. The parties can reasonably expect this case to proceed to trial more than three years after her termination. By that time, Plaintiff's claim for lost wages alone would be well over $75,000. *See Riffert v. Walgreen Co.*, 2008 WL 495643 *2 (E.D. Mo., Feb. 20, 2008) (holding that at time of plaintiff's alleged constructive discharge he was earning approximately $37,674 per year, and "even without factoring in increases," plaintiff's back pay alone could exceed the amount in controversy requirement by the time this matter is resolved).

15. Under the MHRA, a successful plaintiff is also entitled to recover reasonable attorney's fees. Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

16. If Plaintiff prevails on her discrimination claims at trial, her attorney's fees themselves will exceed $75,000.00. *See Campos v. City of Blue Springs, Missouri*, 289 F.3d

546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees).

17. In addition, past cases under the MHRA have resulted in punitive damages awards in excess of $75,000. *See, e.g., Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) ($700,000 in punitive damages); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. Ct. App. 2009) ($325,000 in punitive damages).

18. Accordingly, there is "legal certainty" that – if Plaintiff prevails on her claims as pleaded – her damages and attorneys' fees will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

### III. CONCLUSION

19. Defendant properly removes this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

20. Pursuant to U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice of Removal to counsel for Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Charles County, State of Missouri.

21. Pursuant to 28 U.S.C. 1446(a), copies of the state court file is attached to this Notice as Exhibit A.

WHEREFORE, Defendant by and through counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, prays that the filing of this

Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of St. Charles County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

*/s/ Julie Z. Devine*
| Stephen L. Beimdiek | #32745MO |
| Julie Z. Devine | #58268MO |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
sbeim@lashlybaer.com
jdevine@lashlybaer.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served upon all counsel of record by the Court's electronic filing system this 10th day of October, 2019.

*/s/ Julie Z. Devine*