**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH WILMES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-02749 SEP |
| | ) | |
| PACKSIZE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Packsize, LLC's ("Packsize" or

"Defendant") motion to dismiss Plaintiff Elizabeth Wilmes's ("Wilmes" or "Plaintiff"), amended

complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. [18].  The

motion is fully briefed and ripe for disposition.  Docs. [19], [20], [21].  For the reasons set forth

below, Defendant's motion will be granted.

## I.    Factual and Procedural Background

Taken as true for the purpose of this motion, the facts alleged in the amended complaint

are as follows.  Plaintiff was employed by Packsize in a sales capacity and worked remotely

from her home.  One of Plaintiff's duties involved collecting customer data, which Defendant

would use to set commission rates and pricing figures.  In January of 2018, Plaintiff's immediate

supervisor, Michael Kreitzer, asked her to falsify customer data in order to lower pricing figures.

Plaintiff refused to do so, and reported the request to Mr. Kreitzer's supervisor, Drew Derrico.

Mr. Derrico instructed Plaintiff to inform the Packsize Human Resources department of the

alleged fraudulent conduct and arranged for Plaintiff to begin reporting directly to him.

In February of 2018, Plaintiff disclosed to Mr. Derrico, "in a social interaction," that she had been previously diagnosed with cancer.  Plaintiff did not need, nor did she request, any accommodation from her employer in connection with her cancer diagnosis, but she "was repeatedly questioned about her medical condition."  Sometime after disclosing her diagnosis, Plaintiff was told that no action would be taken regarding the alleged fraudulent activity and that she would once again report to Mr. Kreitzer.  She protested the change in supervision, but to no avail.  Plaintiff was later informed that she was being placed on a performance improvement plan because she did not close enough sales in the first quarter of 2018.  Plaintiff had previously been unaware of any minimum quarterly sales requirement.  On May 14, 2018, Plaintiff's employment with Packsize was terminated.

On September 19, 2018, Plaintiff filed a charge of discrimination against Packsize with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR").  The EEOC issued a Dismissal and Notice of Rights on May 23, 2018, and the MCHR issued a Notice of Termination of Proceedings on July 15, 2019.  The MCHR closed the case and terminated proceedings related to Plaintiff's charge without issuing a right-to-sue letter.  Plaintiff filed suit in Missouri state court on August 23, 2019, alleging disability discrimination and retaliation claims under the Missouri Human Rights Act ("MHRA").

On October 10, 2019, Defendant removed the action to this Court and subsequently moved to dismiss the complaint.  Plaintiff responded by filing an amended two-count complaint, which included a Fair Labor Standards Act ("FLSA") retaliation claim in Count One, and a disability discrimination claim under the Equal Employment Opportunity Act of 1972 ("EEOA")

in Count Two.  Defendant then filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.     Legal Standard

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint in order to eliminate those actions "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  The complaint "must contain either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Twombly*, 550 U.S. at 562.  The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions that plaintiff draws from the facts alleged.  *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).  A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## III.  Discussion

### A.  FLSA Retaliation Claim

In Count One of her amended complaint, Plaintiff asserts that, after she refused to cooperate with her supervisor's alleged fraudulent activities, Defendant retaliated against her "in violation of her rights under the Fair Labor Standards Act."  Doc. [15] at 4.  Defendant argues that Count One must be dismissed because the FLSA is not pertinent to Plaintiff's allegations, and therefore Plaintiff has failed to state a claim for retaliation under the act.

"The central aim of the [FLSA] was to achieve . . . certain minimum labor standards." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).  The FLSA primarily did so by establishing baseline minimum-wage, overtime, and maximum-hour guarantees that cannot be modified by contract.  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).  The FLSA contains an anti-retaliation provision that makes it unlawful to discharge or to discriminate against an employee "because such employee has filed any complaint or instituted or caused to

4

be instituted any proceeding under or related to this chapter."  29 U.S.C. § 215(a)(3).  To establish a prima facie case of retaliation under the FLSA, "a plaintiff must show that he participated in statutorily protected activity, that the defendant took an adverse employment action against him, and there was a causal connection between the two."  *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc*., 626 F. Supp. 2d 994, 998 (E.D. Mo. 2009) (citing *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034-35 (8th Cir. 2005)).  However, the FLSA prohibits employers from retaliating against employees only for engaging in activities protected by the statute.  *See* 29 U.S.C. § 215(a)(3) (prohibiting the discharge of any employee who has filed a complaint "under or related to ***this*** chapter") (emphasis added).  This restriction is fatal to Plaintiff's FLSA retaliation claim.

Plaintiff alleges that she was terminated after raising concerns about the falsification of customer data, but unethical business practices are not within the FLSA's regulatory ambit.  Crucially, Plaintiff does not allege that she complained about any FLSA violation by Packsize; nor does she allege that she engaged in any activity that could arguably be included among the activities protected under the statute.  In her opposition to Defendant's motion, Plaintiff baldly states that it "is absurd on its face" to assert that her complaints regarding alleged fraud were not protected activities under the FLSA.  Doc. [20] at 2.  But Plaintiff does not—and based on the facts as alleged in her amended complaint, likely cannot—explain how her grievances plausibly fall within the scope of protected activities under the FLSA.  As such, the Court agrees with Defendant that the FLSA is inapplicable to Plaintiff's allegations, and Count One of her amended complaint must be dismissed for failure to state a claim.

### B.  Disability Discrimination Claim

In Count Two of her amended complaint, Plaintiff purports to bring a claim for disability discrimination under the EEOA.  However, as Defendant correctly points out in its motion to dismiss, the EEOA does not give rise to a private cause of action.  Rather, the EEOA was enacted primarily to establish mechanisms allowing the Equal Employment Opportunity Commission to better enforce civil rights protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.  See Alexander v. Gardner-Denver Co*., 415 U.S. 36, 44 (1974) ("In the Equal Employment Opportunity Act of 1972, Congress amended Title VII to provide the Commission with further authority . . . to institute civil actions against employers or unions named in a discrimination charge.").  The private right of action provided by Title VII is the vehicle by which private individuals may enforce their civil rights, and it remains the "essential means of obtaining judicial enforcement of Title VII" by such individuals.  *Id* at 45.  Because Plaintiff is a private individual, Defendant argues, she cannot bring a claim under the EEOA.

Plaintiff calls Defendant's argument "frivolous at best" and seems to suggest that the Court should construe her claim as one arising under Title VII.[1]  Doc. [20] at 3.  Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like."  *Winfrey v. City of Forrest City, Ark*., 882 F.3d 757, 758 (8th Cir. 2011).  Plaintiff alleges discrimination on the basis of disability, which is not one of the categories covered by Title VII.  *See Gage v. Potter*, No. 4:06CV1587 FRB, 2008 WL 4332202, at *3 (E.D. Mo. Sept. 17, 2008) (Disability does not "provide a basis upon which an aggrieved employee may obtain relief under Title VII.").  Consequently, even if Plaintiff's

---

[1] While Plaintiff does not explicitly request that the Court construe her claim as one arising under Title VII, she appears to believe that she has adequately invoked it, noting that "[t]he stated legislative purpose of the creation of the Equal Employment Opportunity Act of 1972 is to enforce the Civil Rights Act of 1964."  Doc. [20] at 2.

second cause of action did arise under Title VII, it still would fail to state a claim.  *See also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) ("[T]here is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." (internal quotation marks omitted)).

While Plaintiff does not explicitly assert a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), she does allege disability discrimination, and Defendant does argue that Plaintiff's claim would fail under the ADA.  Doc. [21] at 2-4.  The Court recognizes that a "district court is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations" to save a complaint.  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal quotation marks and citation omitted).  Nonetheless, because Plaintiff's complaint can be liberally read to assert a claim under the ADA, and given that Defendant contests her claim in that context, the Court will briefly consider whether Plaintiff raises a cognizable claim under that statute.

The ADA "bars private employers from discriminating against a qualified individual on the basis of disability."  *Faidley v. United Parcel Serv. of Am., Inc.*, 889 F.3d 933, 940 (8th Cir. 2018).  Discrimination includes an employer "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  42 U.S.C. § 12112(b)(5)(A).  In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability."  *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).  The Eighth Circuit has held that there must be a "specific link" between the disability and an adverse employment action in order to satisfy the third element of a prima facie case under the ADA.  *See Chalfant v.*

*Titan Distribution, Inc*., 475 F.3d 982, 990 (8th Cir. 2007) ("An adverse action by itself is not sufficient for a successful claim under the ADA.  Instead, there must be a specific link between the discrimination and the adverse action to prove that the discrimination motivated the adverse action.  In other words, the disability must be a motivating factor in the employer's decision for the adverse action.") (citation omitted).

Assuming *arguendo* that Plaintiff has sufficiently alleged the first two elements of a prima facie case under the ADA, her claim founders on the third.  The factual allegations in Plaintiff's complaint are simply not sufficient to ground a reasonable inference that she "has suffered an adverse employment action because of her disability." *Hill*, 737 F.3d at 1216.  The sum total of Plaintiff's relevant allegations is that she disclosed a past diagnosis of cancer to a colleague, that she sought no accommodation but was "repeatedly questioned about her medical condition," and that she later experienced unwelcome professional developments, culminating in her dismissal.  Doc. [15] ¶¶ 16-25.  She alleges nothing that could support the requisite finding of a "specific link" between her alleged disability and the subsequent adverse actions.  *Chalfant*, 475 F.3d at 990.

As explained above, asserting the "sheer possibility" that a defendant has acted unlawfully fails to satisfy the facial plausibility requirement for surviving a motion to dismiss for failure to state a claim.  *Iqbal*, 556 U.S. at 678.  A claim is facially plausible only "when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  Because Plaintiff's complaint is devoid of any suggestion that she was disciplined or terminated because of her alleged disability, it would not be reasonable for the Court to infer that she was.  Therefore, she fails to state a claim under the ADA.

**IV.    Conclusion**

For the reasons stated above, Plaintiff's complaint fails to state a claim upon which relief can be granted under the FLSA, the EEOA, Title VII, or the ADA.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. [18]) is **GRANTED,** and Plaintiff's claims against Defendant are **DISMISSED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of April, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE