# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ELIZABETH WILMES,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        Case No. 4:19-CV-02749 SEP
                                     )
PACKSIZE, LLC,                       )
                                     )
        Defendant.                   )

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint.  Doc. [28].  Defendant filed a Memorandum in Opposition (Doc. [29]), to which Plaintiff did not reply, and the motion is fully briefed and ripe for disposition. For the following reasons, the Court will deny Plaintiff's motion.

## I.    Background

Plaintiff filed this employment discrimination action in Missouri state court on August 23, 2019, alleging disability discrimination and retaliation claims under the Missouri Human Rights Act (MHRA).[1]  On October 10, 2019, Defendant removed the action to this Court and subsequently moved to dismiss the complaint.  Docs. [1], [6].  Plaintiff responded by filing an amended two-count complaint, which included a Fair Labor Standards Act (FLSA) retaliation claim in Count One, and a disability discrimination claim under the Equal Employment Opportunity Act of 1972 (EEOA) in Count Two.  Doc. [15].  Defendant then filed a motion to

---

[1]  The facts underlying this action were discussed at length in this Court's prior order dismissing Plaintiff's case, and the Court will not restate them in their entirety here.  *See* Doc. [26] at 1-2. Briefly, Plaintiff alleges that her supervisor, Michael Kreitzer engaged in conduct that she considered fraudulent, whereby "customers were quoted lower prices based on inaccurate customer data," and that, as a result, Kreitzer "appeared to have met sales targets which resulted in compensation to which [he] would not otherwise have been entitled under [his] compensation plan[ ]."  Doc. [28-1] ¶ 12.  Plaintiff asserts that Kreitzer asked her to participate in his scheme, and she refused and reported the purportedly "fraudulent" activity to Defendant's human resources department.  *Id*. ¶ 15.  After looking into her allegations, Defendant declined to take any negative action against Kreitzer, and Plaintiff was later fired for what Defendant described as performance issues.  *Id*. ¶¶ 16-22.

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Doc. [18].  On April 21, 2020, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted.  Docs. [26], [27].  The Court granted Defendant's motion because the FLSA was not applicable to her claim, and the EEOA does not give rise to a private cause of action, and accordingly, Plaintiff failed to state a claim under either statute.  The Court also analyzed her claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq*., because, while Plaintiff did not explicitly assert a claim under the ADA, she did allege disability discrimination.  The Court concluded that her claims would also fail under the ADA, as the factual allegations in her complaint were not sufficient to ground a reasonable inference that she suffered an adverse employment action because of any alleged disability.

Plaintiff now seeks leave to file a second amended complaint to explicitly assert that she was terminated in violation of the ADA and that her termination violated the Missouri Whistleblower Protection Act (WPA), Mo. Rev. Stat. § 285.575.  Defendant opposes her motion, arguing that it is both untimely and futile.

## II.    Standard of Review

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule— 'a party may amend its pleading only with the opposing party's written consent or the court's leave.' "  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (quoting Fed. R. Civ. P. 15(a)(1) and (2)).  The Court should freely give leave to amend a pleading when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, parties do not have an absolute right to amend their pleadings even under this liberal standard.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  The decision to permit a party to amend its pleadings is left to the broad discretion of the trial court.  *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993).  "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Id.*

Furthermore, while a motion for leave to amend one's complaint is generally liberally granted, "different considerations apply to motions filed after dismissal."  *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010) (citation omitted).  "Post-dismissal motions to

2

amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.,* 623 F.3d 1200, 1208 (8th Cir. 2010).   After a complaint has been dismissed, "the right to amend under Federal Rule of Civil Procedure 15(a) terminates."  *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985).  It is within the Court's discretion to refuse to allow amendment of pleadings because of a failure to explain a delay in seeking leave to amend, or if the amendment would be futile.  *See Schriener v. Quicken Loans, Inc*., 2013 WL 147842, at *1 (E.D. Mo. Jan 14, 2013) (citing *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund,* 800 F.2d 742, 749 (8th Cir. 1986)).

## III.   Discussion

Plaintiff filed her initial complaint in this case in state court on August 23, 2019.  Doc. [4].  Her complaint included counts for retaliation and discrimination, but it was vague as to the statutory underpinnings of her claims.  *Id*.  Defendant removed the action to this Court (Doc. [1]) on October 10, 2019, and filed a motion to dismiss for failure to state a claim (Doc. [6]) on October 16, 2019.  Defendant's motion to dismiss put Plaintiff on notice of various deficiencies in her complaint, and she thereafter filed three motions to amend her complaint (Docs. [8], [10,] and [11]), all of which were denied for failure to file a proposed amended complaint.

On December 5, 2019, Plaintiff was granted leave to file her First Amended Complaint. Doc. [15].  Defendant filed a motion to dismiss that complaint on December 18, 2019, which the Court did not grant until April 21, 2020.  Doc. [26].  Thus, by no later than December 18, 2019, Plaintiff had been put on notice of potential defects in her complaint, and she had ample time to seek amendment of her pleadings before the Court issued its ruling.  She provides no explanation for her failure to seek leave to amend at an earlier time.

In her instant motion to amend, Plaintiff does not allege that there has been any change in the law relevant to her claims, nor does she allege that there are newly discovered facts that support the amendment of her pleadings.  Plaintiff had all the information she needed in order to seek amendment of her complaint prior to the Court's order dismissing her claims.  The Court is not inclined to allow Plaintiff to amend her complaint yet again, particularly where, as here, there is no reason apparent from the record why she could not have done so before the Court dismissed her case.  *See Auto-Owners Ins. Co. v. Mid-America Piping, Inc.,* 2008 WL 2277594, at *2 (E.D. Mo. May 29, 2008) ("[T]he Court's limited resources are not maximized when it engages in the

oft meticulous and time-consuming task of reviewing the parties' arguments and exhibits, only to be confronted with successive, fresh legal theories and issues thereafter.").

Unexcused delay is sufficient to justify the Court's denial of a motion to amend the complaint if the party is seeking to amend claims that a district court has already dismissed.  *See In re NationsMart Corp. Sec. Litig.,* 130 F.3d 309, 322 (8th Cir. 1997).  But in addition to being less than timely, Plaintiff's proposed amendment is, as further discussed below, futile.  "It is settled law that district courts may properly deny leave to amend if the proposed changes would not save the complaint."  *Humphreys,* 990 F.2d at 1082; *see also Hintz v. JPMorgan Chase Bank, N.A.,* 686 F.3d 505, 511 (8th Cir. 2012) ("Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."); *Weimer v. Amen,* 870 F.2d 1400, 1407 (8th Cir. 1989) ("It is settled law that district courts have the power to deny leave to amend if the proposed changes would not save the complaint.").

### A.    ADA Claim

In her proposed Second Amended Complaint, Plaintiff makes explicit the claim that she only hinted at in her prior pleadings—namely, she seeks to include a claim that she was terminated due to discrimination on the basis of disability in violation of the ADA.  But she ignores the fact that this Court previously ruled on the merits of her claim under the ADA.  The Court analyzed her assertions at length in its Order of April 21, 2020, and it will not revisit that discussion here.  *See* Doc. [26].  Plaintiff points to nothing in her proposed amendments that bolsters her ADA claim, and the Court, upon careful review of the proposed amended count, finds nothing that would change its previous analysis.  As such, it would be futile to allow Plaintiff to amend her complaint to formally assert an ADA claim now.

### B.    WPA Claim

Plaintiff also seeks leave to add a claim that she was fired in violation of the Whistleblower Protection Act, Mo. Rev. Stat. § 285.575.  Doc. [28-1] at 4.  Plaintiff was an at-will employee of Packsize.  Generally, under Missouri law, "at-will employees may be terminated for any reason or for no reason."  *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 91 (Mo. banc 2010) (cited case omitted).  But Missouri recognizes a "very narrowly drawn" public policy exception—known as the wrongful discharge doctrine—to the at-will employment rule.  *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 346 (Mo. banc 2010).  Under that

doctrine, "[a]n at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governing body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." *Newsome v. Kansas City, Mo. Sch. Dist.,* 520 S.W.3d 769, 777 (Mo. banc 2017) (quoting *Fleshner*, 304 S.W.3d at 92).

The Missouri legislature recently codified the public policy exception by enacting the WPA.  Effective August 28, 2017, the WPA "is intended to codify the existing common law exceptions to the at-will employment doctrine, . . . limit their future expansion by the courts, [and] provide the exclusive remedy for any and all claims of unlawful employment practices." Mo. Rev. Stat. § 285.575.3.  The WPA prohibits an employer from discharging an employee because that employee:  (1) "reported to the proper authorities an unlawful act of his or her employer;" (2) "report[ed] to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute;" or (3) "refused to carry out a directive issued by his or her employer that if completed would be a violation of the law."  Mo. Rev. Stat. § 285.575.4.  Thus, Missouri law recognizes "two distinct categories" of protected activity:  "(1) refusal to violate public policy; and (2) reporting violations of public policy, also known as 'whistleblowing.' " *Newsome*, 520 S.W.3d at 777.  Both categories are at issue in this case.

Accordingly, a wrongful discharge claim may succeed if it is based on "explicit authority" such as a "constitutional provision, a statute, a regulation based on a statute, or a rule promulgated by a governmental body."  *Frevert v. Ford Motor Co.*, 614 F.3d 466, 471 (8th Cir. 2010) (quoting *Margiotta*, 315 S.W.3d at 346).  The petition "must specify the legal provision violated by the employer, and it must affirmatively appear from the face of the petition that the legal provision in question involves a clear mandate of public policy."  *Id.* (internal quotation marks omitted).

"Not every statute or regulation gives rise to an at-will wrongful termination action." *Margiotta*, 315 S.W.3d at 346.  "A vague or general statute, regulation, or rule cannot be successfully pled under the at-will wrongful termination theory, because it would force the court to decide on its own what public policy requires."  *Id.*  "Public policy is not to be determined by 'the varying personal opinions and whims of judges or courts . . . as to what they themselves

believe to be the demands or interests of the public.'" *Fleshner*, 304 S.W.3d at 96 (quoting *In re Rahn's Estate*, 291 S.W. 120, 123 (1926)). A wrongful discharge plaintiff must show "*serious* misconduct that constitutes a violation of the law and of *well established* and *clearly mandated* public policy." *Margiotta*, 315 S.W.3d at 347 (emphasis in original). The pertinent inquiry is whether the cited authority "clearly prohibits the conduct at issue." *Id.* Additionally, "'[w]hen the defendant's actions are within a category not generally considered actionable (such as discharge of an at-will employee), the specific facts on which liability is based must be pleaded with particularity.'" *Frevert,* 614 F.3d at 472 (quoting *Adolphsen v. Hallmark Cards, Inc*., 907 S.W.2d 333, 338 (Mo. Ct. App. 1995).

Therefore, to bring a successful claim under the WPA, Plaintiff must plead with particularity that she refused to violate a clear mandate of public policy or that she "reported to superiors . . . *serious* misconduct that constitutes a violation of the law and of . . . *well established* and *clearly mandated* public policy," and that the refusal or report was the reason for her discharge. *Margiotta*, 315 S.W.3d at 347; *see also Newsome*, 520 S.W.3d at 777; Mo. Rev. Stat. § 285.575. A "mere citation" to a statutory provision in a pleading "is not by itself sufficient to state a cause of action for retaliatory discharge." *Margiotta*, 315 S.W.3d at 346.

Plaintiff cites to two statutes in her proposed Second Amended Complaint. First, she references the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, noting that under that statute it is illegal to use deception or fraud in connection with the sale of merchandise in trade or commerce. Doc. [28-1] ¶ 28. She also refers to Mo. Rev. Stat. § 570.030, the Missouri statute that criminalizes theft generally. *Id*. ¶ 28. However, Plaintiff does not explain with particularity, or indeed even allege, how the conduct in which she refused to participate or complained of during her employment falls within the scope of either of those statutes. Nor does she explain how the conduct was "*serious*" and in violation of *"well established* and *clearly mandated* public policy." *Margiotta*, 315 S.W.3d at 347.

Vague allusions to theft or fraud will not suffice. *See id.* at 348 (To merely cite a statute without "a demonstration of how the reported conduct violated it cannot form the basis for a wrongful discharge action."). Courts in Missouri have consistently found that vague or general allegations of wrongdoing that do not demonstrably involve the breach of a "clear mandate" of public policy do not suffice to state a claim under the WPA. For example, in *Link v. K-Mart Corp.,* the plaintiff made allegations of theft and fraud similar to those made by Plaintiff in this

6

case.  689 F. Supp. 982 (W.D. Mo. 1988).  The court held that a plaintiff's "[v]ague reference to 'theft' and 'misuse of [the employer's] own property" was insufficient to state a claim under the public policy exception, because no violation of any positive duty set forth by a well-established and clearly mandated public policy was alleged.  *Id*. at 985.  Similarly, where a plaintiff "pleaded generally that [the employer] was violating federal safety regulations" without specifying which regulation or how it was violated, the plaintiff's petition was dismissed, because "[t]here [was] no way, in view of the lack of specificity of the petition, to determine whether the violations amounted to serious misconduct . . . [that] involved a clear mandate of public policy."  *Adolphsen,* 907 S.W.2d at 338.

Plaintiff's allegation that she held a "good faith belief that the public policy of the State of Missouri forbade the conduct that she refused to perform and that she reported" does not save her claim.  Doc. [28-1] ¶ 30.  Merely alleging her belief that the conduct violated public policy is insufficient to state a claim under the WPA.  Missouri precedent is clear that "[w]hether a plaintiff reasonably believes an act violates public policy is irrelevant to a wrongful discharge claim."  *Newsome*, 520 S.W.3d at 779.  To successfully allege a wrongful discharge claim, Plaintiff would have had to plead with specificity that the act she reported or refused to do would have *actually* violated public policy.  *Yerra v. Mercy Clinic Springfield Cmtys*., 536 S.W.3d 348, 351 (Mo. Ct. App. 2017) (citing *Newsome*, 520 S.W.3d at 779)).

Plaintiff fails to allege with specificity that she refused to participate in or reported any serious conduct that would violate a statute, regulation, constitutional provision or public policy sufficient to bring her claim within the asserted whistleblower protection.  Therefore, the Court concludes that it would be futile to allow Plaintiff to amend her complaint to assert a claim under the WPA.

## IV.     Conclusion

For the foregoing reasons, Plaintiff has failed to show that she is entitled to a post-dismissal amendment to her petition, and her motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**.  Doc. [28].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Hearing is **DENIED** as moot.  Doc. [30].

Dated this 29th day of March, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE